UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00010-CJC(MGLx)                              Date: January 19, 2010

Title: <u>YOKOHAMA RUBBER COMPANY LTD ET AL. v. STAMFORD TYRES INTERNATIONAL PTE LTD ET AL.</u>

PRESENT:

<u>**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**</u>

<u>Michelle Urie</u>                              <u>   N/A   </u>
Deputy Clerk                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                   None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** [filed 11/17/09]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for January 25, 2010, at 1:30 p.m. is hereby vacated and off calendar.

This patent infringement case concerns a design patent for an automobile tire held by Plaintiff Yokohama Rubber Company LTD ("Yokohama"). Yokohama asserts that Defendant Stamford Tyres International PTE LTD ("Stamford") infringed United States Design Patent No. D512,014 (the "'014 Patent") by selling a tire known as the Stamford ST-08 tire. As an affirmative defense, Stamford asserts that the '014 Patent is invalid. Yokohama now moves for summary judgment on the infringement claim and the validity defense. For the following reasons, Yokohama's motion is DENIED.

**Background**

Yokohama is one of the largest tire manufacturers in the world. (Compl. ¶ 9.) On November 29, 2005, the Untied States Patent and Trademark Office issued the '014 Patent to Yokohama. (Compl. ¶ 10.) Yokohama introduced the S.drive tire—which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00010-CJC(MGLx)                              Date: January 19, 2010
                                                             Page 2

---

embodies the '014 Patent—in 2006 and has extensively advertised, marketed, and promoted the tire in the United States. (Compl. ¶¶ 11, 12, 13.)

On January 3, 2007, Yokohama brought suit against Stamford, claiming that Stamford's ST-08 tire infringes the '014 Patent. Stamford responded that the '014 Patent is invalid because it was not novel or was obvious. On December 17, 2007, the Court denied Stamford's motion for summary judgment on the design patent infringement claim. On February 19, 2008, the Court denied Yokohama's motion for summary judgment on the validity defense without prejudice. Before the Court is Yokohama's motion for summary judgment on the issues of patent infringement and validity, filed on November 17, 2009.

**Legal Standard**

Summary judgment is proper if the evidence before the Court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating either that there are no genuine material issues or that the opposing party lacks sufficient evidence to carry its burden of persuasion at trial. *Celotex Corp. v. Catrett*, 477 U.S. at 325; *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). Once this burden has been met, the party resisting the motion "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

**I.      Patent Infringement**

"A design patent protects the nonfunctional aspects of an ornamental design as shown in the patent." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00010-CJC(MGLx)                                  Date: January 19, 2010
                                                                                           Page 3

---

1995) (citing *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993)).  Infringement of a design patent occurs where there is "unauthorized manufacture, use, or sale of the article embodying the patented design or any colorable imitation thereof."  *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1116-17 (Fed. Cir. 1998); *see also* 35 U.S.C. § 289.  Patent infringement in a design patent case is generally a question of fact that the patentee must prove by a preponderance of the evidence.  *L.A. Gear v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1124 (Fed. Cir. 1993).  "Where no reasonable fact-finder could conclude that the patentee has met this burden, however, summary judgment is appropriate."  *Wing Shing Products (BVI) Co. Ltd. v. Sunbeam Products, Inc.*, --- F. Supp. 2d ----, 2009 WL 3151195 (S.D.N.Y. 2009).

In *Egyptian Goddess*, the Federal Circuit clarified the standard for design patent infringement.  *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 671 (Fed. Cir. 2008) (en banc).  Previously, courts were to consider "both the perspective of the ordinary observer and the particular novelty in the claimed design."  *Id*.  In its decision, the Federal Circuit rejected the "point of novelty" test, but maintained and modified the "ordinary observer" test.  *Id.* at 676.  Under the ordinary observer test as announced in *Egyptian Goddess*, the accused design infringes a patent when an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design is the same as the patented design.  *Id.* at 681.

Under the *Egyptian Goddess* test, the "ordinary observer" is one who is "aware of the great number of closely similar prior art designs," and "conversant with the prior art."  *Id.* at 676, 678.  Thus, "small differences between the accused design and the claimed design are likely to be important to the eye of the hypothetical ordinary observer."  *Id.* at 676.  In a prior motion, the Court determined that the ordinary observer in this case would be a "consumer of high-performance automobile tires."  (12/13/07 Order at 9.)

The court in *Egyptian Goddess* also considered whether district courts should conduct detailed claim construction in design patent cases.  The court decided that a district court "is not obligated to issue a detailed verbal description of the design if it does not regard verbal elaboration as necessary or helpful."  *Id.* at 679.  Instead, given the difficulty in describing a design in words, "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design."  *Id.*  In light of this change in law, the Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-00010-CJC(MGLx)                                            Date: January 19, 2010
                                                                                                          Page 4

will focus on the visual impressions of the '014 Patent and the accused design, rather than conducting detailed verbal claim construction.

In this case, Yokohama has failed to establish that there is no genuine issue of disputed fact as to whether a consumer of high-performance automobile tires would be deceived by the similarities between the '014 Patent and the ST-08 tire. In support of its motion, Yokohama refers to the Court's denial of Stamford's motion for summary judgment on the infringement issue. Yokohama misinterprets the significance of a denial of summary judgment for an opposing party. The Court denied summary judgment for Stamford because it found that a reasonable trier of fact *could* conclude that a consumer of high-performance tires would be deceived. (12/13/09 Order at 10.) It did not find that a reasonable trier of fact *would* conclude that such a consumer would be deceived. Yokohama's reliance on the Court's prior findings is therefore misplaced.

Yokohama also relies on the evaluation of the prior art by its expert, Cooper Woodring. Mr. Woodring concluded that the ST-08 is far closer to the patented design than any of the alleged prior art. Specifically, Mr. Woodring evaluated the presence of five characteristics shared by the '014 Patent and ST-08 in 24 different tires. (Ex. 6 to Robinson Decl. ¶¶ 12-33.) He found that none of the 24 tires had all five characteristics that the '014 Patent and ST-08 tire share. (Ex. 6 to Robinson Decl. ¶¶ 12-33.)

In response, Stamford contends that Yokohama compared the front of the '014 Patent with the rear of the ST-08 tire. Because they are directional tires, Stamford claims that if one compares the front of both tires, non-infringement is clear because the tread points in opposite directions, with the "V" of the tread in the '014 Patent pointing up, and the "V" of the tread in the ST-08 pointing down. (Bolden Decl. ¶ 23; Ex. 3 to Bolden Decl.) Furthermore, Stamford argues that even if one compares the tires with the tread pointing the same way, there are sufficient differences for a trier of fact to reasonably conclude that an ordinary observer would not be confused by the appearance of the '014 Patent and the ST-08 tire. Stamford's expert, Gary Bolden, claims that the groove in the center of the major rib, differences in the number of major and secondary circumferential grooves, differences in the shape of the shoulder grooves, and the absence of a full crescent impression on the tread make the ST-08 different from the '014 Patent. (Bolden Decl. ¶¶ 22-23.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00010-CJC(MGLx)                                            Date: January 19, 2010
                                                                                                       Page 5

      Looking at the tires as a whole, a reasonable trier of fact could conclude that a consumer of high-performance tires would not be confused by the similarities between the '014 Patent and the ST-08 tire. First, if Stamford is correct that Yokohama has been evaluating the front of the '014 Patent and the rear of the ST-08, then the "V" pattern in the tread on the tires points opposite ways. Based on this difference, a reasonable trier of fact could certainly conclude that a consumer of high-performance tires would not be deceived.

      Even if the Court evaluates the tires with the tread pointing the same way, Yokohama is still not entitled to summary judgment. While the tires are very similar, a trier of fact could conclude that a consumer familiar with the prior art would be able to distinguish the ST-08 by the groove in the center of the major rib, differences in the number of major and secondary circumferential grooves, differences in the shape of the shoulder grooves, and absence of a crescent-shaped impression on the tread. In sum, while the ST-08 and '014 Patent look alike, the Court cannot say they are so similar that Yokohama is entitled to summary judgment.

## II.    Patent Validity

      Yokohama also moves for summary judgment on Stamford's defense that the '014 Patent was not new or was obvious, and is thus invalid. There is a statutory presumption of validity for issued patents. 35 U.S.C. § 282. This presumption may be rebutted only by clear and convincing evidence that the patent does not meet the conditions for patentability. *Alco Standard Corp. v. Tennessee Valley Authority*, 808 F.2d 1490, 1498 (Fed. Cir. 1986). First, a design patent is invalid if it was not novel, or was "anticipated." *See* 35 U.S.C. § 102. Yokohama has not moved for summary judgment on the issue of anticipation, so the Court does not address that issue here. Second, a design patent is invalid if, based on the prior art, it would have been obvious at the time it was designed. 35 U.S.C. § 103. The question in determining whether a patented design was obvious is "whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1381 (Fed. Cir. 2009). First, one must find a primary reference that was basically the same as the patented design. *Id.* Then, one may combine the primary reference with the secondary references to modify the design so that is has the same overall appearance as the patented design. *Id.* "Further, these secondary references must be so related [to the primary reference] that the appearance of certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00010-CJC(MGLx)                         Date: January 19, 2010
                                                                                                       Page 6

ornamental features in one would suggest the application of those features to the other." *Id.* (internal quotations omitted).

Both anticipation and obviousness require courts to consider the perspective of the ordinary observer. *Int'l Seaway Trading Corp. v. Walgreens Corp.*, --- F.3d ----, 2009 WL 4842608, at *8 (Dec. 17, 2009). Although there is a history of looking to a designer of ordinary skill in determining obviousness, "the role of one skilled in the art in the obviousness context lies only in determining whether to combine earlier references to arrive at a single piece of art for comparison with the potential design or to modify a single prior art reference. Once that piece of prior art has been constructed, obviousness, like anticipation, requires application of the ordinary observer test, not the view of one skilled in the art." *Id.* at *5.

As a preliminary matter, Yokohama argues that the testimony of one of Stamford's experts, Theodore Shooman, is inadmissible under Federal Rule of Evidence 702 because "he has not applied the applicable law." (Pl.'s motion at 20.) Mr. Shooman, however, is an expert on tires, not the law. Thus, Mr. Shooman's opinions on the law are irrelevant to whether his testimony is admissible under Rule 702. *See* FED. R. EVID. 702 (stating that expert testimony is admissible if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.").

Stamford had presented sufficient evidence, in the form of expert testimony from Mr. Shooman and Mr. Bolden, for a trier of fact to conclude that there is clear and convincing evidence that the '014 Patent is invalid as obvious. As with the infringement claim, the Court relies on the visual impressions of the '014 Patent and the prior art, rather than detailed verbal claim construction. From the perspective of an ordinary observer familiar with the prior art, the '014 Patent may have been obvious when compared to the Kumho Ecsta MX tire combined with other secondary references. The overall visual impression of the '014 Patent is a tire with a smooth major rib in the center of the tire set off by two large circumferential grooves. There are two more large circumferential grooves on either side of the major rib, dividing the tire into four roughly equal parts. The tread marks on either side of the major center rib are a herringbone-like pattern that alternates between a crescent shape and a slight "S" shape, both tilted up toward the center of the tire.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00010-CJC(MGLx)　　　　　　　　　　　　Date: January 19, 2010
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

　　　　According to Mr. Shooman, the Kumho Ecsta MX tire is basically the same design as the '014 Patent.  (Shooman Decl. ¶ 37.)  It has the same general rib and groove pattern dividing the tire into four roughly equal parts and a herringbone-like tread pattern.  (Shooman Decl. ¶ 37.)  Two other patents, the D455,998 patent and the D423,418 patent, teach a "S"-shaped tread pattern and a smooth center rib, respectively.  (Shooman Decl. ¶ 37.)  Mr. Shooman contends that a designer of ordinary skill could have combined the Kumho Ecsta MX tire with the "S"-shaped pattern taught by the D455,998 patent and the smooth center rib taught by the D423,418 patent.  (Shooman Decl. ¶ 37.)  He also testifies that these secondary references were so related to the primary reference that they would have suggested the application of those features to the primary reference.  (Shooman Decl. ¶ 37.)  With all of those features, a reasonable trier of fact could find that there is clear and convincing evidence that the '014 Patent was obvious because it had the same overall visual appearance as the prior art reference in the eye of the ordinary observer.[1]  Because there is a genuine issue of disputed fact as to obviousness, Yokohama is not entitled to summary judgment on the issue of patent validity.

**Conclusion**

　　　　For the foregoing reasons, Yokohama's motion for summary judgment is DENIED.

jhp

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk MU

---

[1] There is a sufficient factual dispute as to obviousness based on this particular combination of prior art, so the Court declines to consider other references put forward by Stamford.