UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-00010-CJC(MGLx)                    Date:  March 3, 2010

Title: <u>YOKOHAMA RUBBER COMPANY LTD ET AL. v. STAMFORD TYRES
INTERNATIONAL PTE LTD ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                         <u>     N/A     </u>
Deputy Clerk                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S
MOTION FOR JUDGMENT ON THE PLEADINGS WITH LEAVE TO AMEND**
[filed 1/25/10]

Having read and considered the papers presented by the parties, the Court finds
this matter appropriate for disposition without a hearing.  *See* FED. R. CIV. P. 78; LOCAL
RULE 7-15.  Accordingly, the hearing set for March 8, 2010, at 1:30 p.m. is hereby
vacated and off calendar.

Plaintiff Yokohama Rubber Company LTD ("Yokohama") brought this action
against Defendant Stamford Tyres International PTE LTD ("Stamford") for patent
infringement.  Yokohama asserts that Stamford infringed its United States Design Patent
No. D512,014 (the "'014 Patent") by selling the Stamford ST-08 tire.  As an affirmative
defense, Stamford alleges that the '014 Patent is unenforceable due to Yokohama's
inequitable conduct before the United States Patent and Trademark Office ("PTO").
Yokohama now moves for judgment on the pleadings pursuant to Federal Rule of Civil
Procedure 12(c) on the inequitable conduct affirmative defense.  For the following
reasons, Yokohama's motion is GRANTED WITH LEAVE TO AMEND.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-00010-CJC(MGLx)                     Date:  March 3, 2010
                                                     Page 2

---

**Legal Standard**

      A court may grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  A motion for judgment on the pleadings is substantially identical to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because both permit challenges to the legal sufficiency of the opposing party's pleadings. *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002).  The main difference between the two motions is timing: a 12(b)(6) motion is brought before filing an answer, whereas a motion for judgment on the pleadings is brought after the pleadings are closed. FED. R. CIV. P. 12(b)(6), 12(c).  Judgment on the pleadings is appropriate when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002).

**Analysis**

      "Inequitable conduct, while a broader concept than fraud, must be pled with particularity under Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.2d 1312, 1326 (Fed. Cir. 2009) (internal quotations omitted).  In pleading inequitable conduct, a party must identify "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1327.  The Federal Circuit has held that parties do not satisfy the high pleading standard of Rule 9(b) unless they name the "specific individual" who deliberately withheld information from the PTO. *Id.* at 1329.

      At the very least, Stamford has failed to identify who engaged in inequitable conduct before the PTO.  Stamford alleges only that "Plaintiffs and at least one or more of the co-inventors" were aware of pertinent prior art but did not disclose that prior art to the PTO.  (Answer ¶¶ 31-32.)  Stamford argues that it is obvious which inventors they are referring to in their answer.  It is not obvious to whom Stamford refers, and, in any case, this information must be contained in Stamford's pleading.  Stamford has therefore failed to adequately plead inequitable conduct because it has not identified the "specific individual" who deliberately withheld information from the PTO.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-00010-CJC(MGLx)                              Date:  March 3, 2010
                                                             Page 3

---

     In its opposition, Stamford requests leave to amend its answer if the Court grants Yokohama's motion.  Federal Rule of Civil Procedure 15 states that the Court "should freely give leave when justice so requires."  FED. R. CIV. P. 15(a).  Stamford claims to have acquired evidence of inequitable conduct during discovery, which closed on February 26, 2010.  Yokohama would suffer no prejudice from the Court allowing Stamford to amend its pleading to reflect the evidence uncovered during discovery.  Justice therefore requires that the Court grant Stamford leave to amend.  Stamford would be well-advised to consider Yokohama's other arguments if it chooses to amend its pleading.

**Conclusion**

     For the foregoing reasons, Yokohama's motion for judgment on the pleadings is GRANTED WITH LEAVE TO AMEND.  Stamford has twenty days leave to amend its answer consistent with this order.  Yokohama has twenty days thereafter to file a responsive pleading.

jhp

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk MU